UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICK C. OBAH,<br><br>           Plaintiff,<br><br>   -against-<br><br>EQUILIEM COMPANY; RYAN PERSICHILLI,<br><br>           Defendants. | 23-CV-9600 (JPO)<br><br>ORDER OF SERVICE |

J. PAUL OETKEN, United States District Judge:

Plaintiff brings this action *pro se*, asserting claims under 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e to 2000e-17, and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131. He alleges that his employer discriminated against him based on his race, color, and national origin. The complaint can also be liberally construed as asserting claims under the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297. By order dated November 1, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP).

## DISCUSSION

### A. Service on Named Defendants

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants Equiliem Company and Ryan Persichilli through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for each Defendant. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.      Pro Bono Counsel**

Plaintiff has submitted an application for the Court to request *pro bono* counsel (ECF 3). The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

## CONCLUSION

The Court denies Plaintiff's application for the Court to request *pro bono* counsel (ECF 3), without prejudice to renewal. The Clerk of Court is directed to issue summonses for Defendants Equiliem Company and Ryan Persichilli, complete the USM-285 forms with the addresses for these defendants, and deliver to the U.S. Marshals Service all documents necessary to effect service. The Clerk of Court is further directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   November 5, 2023
         New York, New York

_____
J. PAUL OETKEN
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Equiliem Company
   213 West 35th Stret, 11th Floor
   New York, NY 10001

2. Ryan Persichilli
   Equiliem
   213 West 35th Stret, 11th Floor
   New York, NY 10001