UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICK C. OBAH,

                     Plaintiff,

-against-

EQUILIEM COMPANY; RYAN PERSICHILLI,

                     Defendants.

23-CV-9600 (JPO)

ORDER OF SERVICE

J. PAUL OETKEN, United States District Judge:

    Plaintiff brings this action *pro se*. By order dated November 1, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP). The Court therefore directed the U.S. Marshals Service to effect service on Defendants. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

    On January 3, 2024, the U.S. Marshals Service Process Receipt and Return form (USM-285 form) was returned unexecuted with the indication that service could not be effected on either defendant at the address provided (213 West 35th Street, 11th Floor, New York, NY 10001) because the 11th Floor was vacant. (ECF No. 11.)[1]

    Public information reflects that Defendant Equiliem has the following address: 25 Kennedy Blvd., East Brunswick, New Jersey 08816. The Court therefore directs the U.S. Marshals Service to effect service on Defendant Equiliem at that address.[2] The Clerk of Court is

---

[1] The Court notified Plaintiff that the Marshals Service had been unable to effect service and directed him to provide a new address for each Defendant. (ECF No. 13.) In response, Plaintiff asserts that the address that he had provided is still in use. (ECF No. 14.)

[2] Plaintiff may be able to obtain an address for service on Defendant Ryan Persichilli from Defendant Equiliem once it has been served with process.

therefore instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for Defendant Equiliem, issue a new summons, and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon Defendant Equiliem.[3]

If the complaint is not served within 90 days after the date the new summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

## CONCLUSION

The Clerk of Court is directed to issue a new summons for Defendant Equiliem, complete the USM-285 form with the address for this defendant, and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 2, 2024
         New York, New York

_____
J. PAUL OETKEN
United States District Judge

---

[3] Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed. Because Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that summonses be issued, the Court previously extended the time for service. (ECF No. 6.) The Court now extends the time to serve until 90 days after the date the new summons for Defendant Equiliem issues.

**DEFENDANTS AND SERVICE ADDRESSES**

1. Equiliem Company
   25 Kennedy Blvd., #200
   East Brunswick, NJ 08816